UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

RODNEY G. SMITH, EXECUTIVE DIRECTOR )
of the TEAMSTERS UNION 25 HEALTH SERVICES )
AND INSURANCE PLAN, )
)
Plaintiff, )
)
v. )  Civil Action No. _____
)
)
JETWORKS TECH INC. )
)
Defendant. )
)

04 12528 EFH

MAGISTRATE JUDGE Dein

RECEIPT # _____
AMOUNT $150
SUMMONS ISSUED yes
LOCAL RULE 4.1 ____
WAIVER FORM ____
MCF ISSUED ____
BY DPTY. CLK. TWM
DATE 12/1/04

## COMPLAINT

### Introductory Statement

1. This is an action brought on behalf of Teamsters Union 25 Health Services and Insurance Plan (hereinafter, the "Plan") to enforce the terms of the Plan documents and compel the Defendant, Jetworks Tech Inc. (hereinafter, "Jetworks" or "the Defendant") to allow the Plan to audit its payroll records concerning contributions made to the Plan.

### Jurisdiction and Venue

2. The jurisdiction of this Court is founded upon Section 502(e)(1) of the Employee Retirement Income Security Act of 1974 (hereinafter, "ERISA"), as amended, 29 U.S.C. §1132(e)(1), which grants the district courts of the United States exclusive jurisdiction of civil actions brought to enforce the terms of an employee benefit plan and/or the provisions of ERISA.

3. Venue is appropriate in this Court under Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2), which provides that an action may be brought in the district where the

relevant employee welfare benefit plan is administered. and pursuant to 28 U.S.C. §1391(a), because Plaintiff's claims arose in this District.

### Parties

4. Rodney G. Smith (hereinafter, "Plaintiff") is the Executive Director of the Teamsters Union 25 Health Services and Insurance Plan (hereinafter, "Plan"). He is a fiduciary of the Plan within the meaning of ERISA Section 3(21), 29 U.S.C. §1002(21), and he is authorized to bring this action on behalf of the Plan.

5. The Plan is an "employee welfare benefit plan" within the meaning of ERISA Section 3(1), 29 U.S.C. §1002(1), and is a "multi-employer plan" within the meaning of Section 3(37)(A) of ERISA, 29 U.S.C. §1002(37)(A). The Plan is administered by Trustees in accordance with LMRA Section 302(c)(5), 29 U.S.C. §186(c)(5), and exists for the exclusive purpose of providing health, medical and related benefits to its participants and beneficiaries. The Plan has its principal office and is administered from 16 Sever Street, Charlestown, Massachusetts 02129.

6. Jetworks. Tech Inc. is a foreign corporation with a usual place of business at 213-08 99th Avenue, Queens Village, New York, 11429.

### Allegations of Facts

7. Throughout all times relevant herein, Defendant Jetworks Tech Inc. has been obligated to make contributions to the Plan in accordance with the terms of an Agreement and Declaration of Trust executed between Defendant and the Plan, said contributions to be made on behalf of each employee of the Defendant performing work within the scope of and/or covered by one or more collective bargaining agreements executed by the

2

Defendant and Teamsters Local Union No. 25 (hereinafter, "Local 25"). A true copy of the Agreement and Declaration of Trust is attached hereto as Exhibit 1.

8. Pursuant to a collective bargaining agreement executed by Defendant and Local 25, Defendant authorized the Plan Trustees to have an independent certified public accountant audit Defendant's payroll and wage records to determine the accuracy of its contributions to the Plan. A true copy of the relevant section of the parties' collective bargaining agreement, entitled "Standard Participation Agreement," is attached hereto as Exhibit 2.

9. By letter dated October 17, 2003, accountants retained by the Plan Trustees have attempted to schedule an appointment with the Defendant for the purpose of examining and auditing Defendant's payroll records from January 1, 2001 to December 31, 2002.

10. From October 17, 2003 and continuing to the present, the Plan's accountants have been denied access to Defendant's payroll records.

## COUNT I

### (Enforcement of the Plan's Terms)

11. Plaintiff reavers every allegation contained in paragraphs 1 through 10 herein.

12. Defendant Jetworks Tech Inc. has violated the terms of the Plan by failing to furnish the accountants retained by the Plan with the information and documentation referred to in paragraph 8.

13. Plaintiff is entitled to enforcement of the Plan's terms pursuant to ERISA Section 502(a)(3), 29 U.S.C. §1132(a)(3)(B)(ii).

## COUNT II

### (Breach of Contract)

14. Plaintiff reavers every allegation contained in paragraphs 1 through 13 herein.

15. Defendant Jetworks Tech Inc. has breached its contractual obligations to furnish the information and documentation referred to in paragraph 8.

16. Plaintiff is entitled to enforcement of those contractual obligations.

   **WHEREFORE**, the Plaintiff prays the Court to grant him the following:

   (a) A judgment in favor of Rodney G. Smith, as Executive Director of the Teamsters Union 25 Health Services and Insurance Plan, and against Jetworks Tech Inc.;

   (b) An order obligating Defendant Jetworks Tech Inc. to furnish the accountants retained by the Plan with the information and documentation referred to in paragraph 8;

   (c) Attorneys' fees and costs; and

   (d) Any such other relief as the Court finds appropriate.

For the Plaintiff,
**RODNEY G. SMITH, EXECUTIVE DIRECTOR of the TEAMSTERS UNION 25 HEALTH SERVICES AND INSURANCE PLAN**
By his attorneys,

_____
Matthew E. Dwyer
B.B.O. # 139840
Kathleen A. Pennini
B.B.O. # 654573
Dwyer, Duddy & Facklam, P.C.
One Center Plaza; Suite 360
Boston, MA 02108-1804
(617) 723-9777

Date: November 22, 2004

f:\l25hsip\jetworks\pldg\complaint.audit.doc:blg

4

# TEAMSTERS UNION 25
# HEALTH SERVICES & INSURANCE PLAN

## *AGREEMENT AND DECLARATION OF TRUST*



*APRIL 1, 1997*

# AGREEMENT AND DECLARATION OF TRUST

This Agreement and Declaration of Trust originally made the twelfth day of April, 1954 by and between the five Employer Trustees, signatories thereto and the five Union Trustees, signatories thereto hereinafter collectively called the "Trustees"; the Employers Group of Motor Freight Carriers, Inc., hereinafter referred to as the "Association"; and Teamsters, Chauffeurs, Warehousemen and Helpers Union No. 25, hereinafter referred to as the "Union"; and the several Employers who are, and the several Employers who shall join and become parties to this Agreement and Declaration of Trust as hereinafter provided.

## A. WITNESSETH

WHEREAS, an Agreement dated April 12, 1954 had been entered into between the Association and the Union which Agreement provided that subject to certain terms and conditions each Employer should pay $.07 per hour for each straight-time hour worked by each of its Employees by a contribution to a Health and Welfare Fund hereinafter referred to as the "Trust Estate" for the benefit of said Employees or other Employees provided, however, that the rate of contribution shall be in accordance with any further continuation of the Agreement or any further Agreement which may be entered into between the Association and the Union as hereafter defined:

WHEREAS, the Union has executed and may execute similar collective bargaining agreements with individual Employers whether members of the Association or not, who are Employers of the members of the Union concerning contributions to said Trust Estate and,

WHEREAS, the said Trust Estate in whole or in part could be used for certain group insurance benefits for eligible Employees as deemed hereunder and,

WHEREAS, the Agreement and Declaration of Trust made as of the twelfth day of April, 1954 by and between the aforementioned parties has from time to time been amended and,

WHEREAS, the said Agreement and Declaration of Trust is still in full force and effect and has been since the date first mentioned above, but during such period the Trustees have found it necessary to amend said Agreement and Declaration of Trust and,

WHEREAS, the Trustees, for purposes of clarity and administrative ease, deem it wise, desirable, and beneficial to incorporate all of the amendments made to such Agreement and Declaration of Trust from April 12, 1954 through August 13, 1996, and to incorporate all of said amendments and certain other revisions deemed necessary by the Trustees into a revised Agreement and Declaration of Trust and,

WHEREAS, this instrument incorporates all of such amendments and,

WHEREAS, the Trustees, signatories hereto by their execution of this Agreement, hereby ratify the continuation of the aforementioned Trust and accept the Trust herein created and continued and declare that they will administer the same pursuant to the provisions hereof.

NOW, THEREFORE, IN CONSIDERATION OF THE PREMISES AND THE COVENANTS HEREIN CONTAINED, THE ASSOCIATION, EACH EMPLOYER WHO IS OR BECOMES A PARTY

1

TO THIS AGREEMENT, AND THE UNION SEVERALLY DECLARE THAT ALL IS THEIR MUTUAL OBLIGATION TO ESTABLISH THE WITHIN TRUST FOR THE PURPOSE OF SETTING UP A HEALTH AND WELFARE PLAN PROVIDED FOR IN THE SAID AGREEMENT ABOVE REFERRED TO AND THAT THEY WILL DO ALL THINGS REQUIRED OF THEM TO DISCHARGE SAID OBLIGATION AND EFFECTUATE THE PURPOSES OF SAID TRUST AND WILL DO ALL THINGS HEREINAFTER SPECIFICALLY REQUIRED OF THEM, AND THE TRUSTEES DECLARE THAT THEY WILL RECEIVE AND HOLD CONTRIBUTIONS OR PAYMENTS AND ANY OTHER MONEY OR PROPERTY WHICH MAY COME INTO THEIR HANDS AS TRUSTEES HEREUNDER ALL SUCH FUNDS BEING HEREINAFTER REFERRED TO AS THE "TRUST ESTATE" WITH THE FOLLOWING POWERS AND DUTIES, FOR THE FOLLOWING USES AND PURPOSES, AND UPON THE FOLLOWING TERMS AND CONDITIONS:

## B. DEFINITIONS

1. The term "Employer," as used herein, shall include all employer members of the Association and in addition shall mean an employer of labor in the general trucking industry and other Employers who employ Employees covered by contracts with the Union as defined in the paragraph below and either (a) has in force or who executes an agreement with the Union providing for such Employer's participation in this Trust and his adoption of this Declaration of Trust, or (b) who shall, with the consent of the Trustees, execute a form furnished by the Trustees undertaking all the duties of an Employer participating in this Trust. The term "Employer" may also include the Teamsters, Chauffeurs, Warehousemen and Helpers Union No. 25 and other affiliated local unions and related Trust Funds which provide benefits for Employees covered by this plan.

It is understood and agreed that any Employer becoming an Employer under this Agreement, who shall not be a member of the Association, agrees to abide by all the provisions set forth in any agreement involving the Trust Estate and between the Association and the Union and agree that the Association shall be his representative in connection with the Trust Estate.

2. The term "Employee" as used herein shall mean an Employee of an Employer hereunder who shall be covered by a collective bargaining agreement between the Association and the Union or between an Employer and the Union.

3. The term "benefit" shall include such of the benefits authorized under Paragraph A9 as the Trustees shall determine are possible. There shall be no benefits paid for any occupational injury or illness which may be compensable under any statute. In the event of a state or federal compulsory cash sickness benefit law, the benefits paid hereunder may, at the discretion of the Trustees, be reduced to the amounts paid under any such law.

4. The terms "Union," or "Local Union," as used herein mean any local union affiliated with the International Brotherhood of Teamsters that is a party to this Trust Agreement and whose participation has been approved and accepted by the Trustees.

5. (a) the term "Party to this Agreement" shall include all Employer members of the Association and also any Employer who shall in writing accept the terms of this Trust and be accepted in writing by the Trustees and Teamsters, Chauffers, Warehousemen and Helpers Union No. 25.

(b) The title of the Trust created herein shall be "Teamsters Union 25 Health Services & Insurance Plan."

6. The term "ERISA" shall mean the Employment Retirement Income Security Act of 1974, as amended from time to time.

2

## C. ADMISSION TO THE TRUST

7.    (a) Any Employer of labor within the jurisdiction of the Union, not an original party to this Declaration of Trust, who employs Employees as defined in Article 2 above may be permitted by the Trustees to become a party to this Declaration of Trust upon the condition that the said Employer shall subscribe to a collective bargaining agreement with the Union and to the terms of this Agreement.

## D. THE TRUST ESTATE

8.    The Trustees shall have the power to demand, collect and receive employer contributions or payments and other funds and may hold the same until applied to the ultimate purposes provided for in Paragraph A9 hereof, and may take such steps, including the institution and prosecution of or the intervention in any proceeding at law or in equity or in bankruptcy, as may be necessary or desirable to effectuate the collection of such employer contributions or payments and other funds to which said Trustees shall be entitled under the Agreements hereinbefore referred to.

9.    The Trustees shall hold, manage, invest and reinvest the Trust Estate for the following purposes and upon the following conditions:

(a) The Trustees are authorized to maintain a self-insured fund, operate clinics or other facilities for health services, and/or to purchase policies of group insurance to be issued by an insurance company or companies duly authorized to conduct business in the Commonwealth of Massachusetts, providing for eligible Employees and dependents only such benefits in amounts which the Trustees, in their sole discretion, deem necessary or desirable to best effectuate the purpose of this Trust.

Such policies may contain such provisions and be subject to such limitations and conditions as the Trustees, in their sole discretion, shall from time to time determine, and shall include such Employees as the Trustees shall from time to time determine are eligible for receipt of such benefits, in accordance with the eligibility requirements under Article 2.

(b) The Trustees are authorized to provide, through self-insurance or clinics or other facilities for health services or to pay, or cause to be paid the premiums on group insurance policies providing benefits for temporary disability, hospital expense, surgical expense, medical expense, dental expense, optical expense, life insurance, and accidental death and dismemberment benefits and such other benefits and forms of group insurance as may be proper under Article 9 Paragraph (a) and as the Trustees may determine from time to time; to insure such Employees and their dependents as shall be eligible in accordance with the rules and regulations determined by the Trustees from time to time in accordance with the eligibility requirements under Article 2. The policies of insurance may be contracted for in the name of and issued to the Trustees and may contain such provisions as the Trustees may determine.

(c) The Trustees are authorized to pay or cause to be paid all reasonable and necessary expenses of creating this Trust, of collecting the employer contributions or payments and other funds to which the Trustees may be entitled and of administering the affairs of this Trust, including the employment of such administrative, legal, expert, and clerical assistance, purchase or lease of such premises, materials, supplies, and equipment, and the performance of such other acts as the Trustees, in their sole discretion, find necessary or appropriate in the performance of their duties.

(d) The Trustees are authorized to establish, hold, and accumulate such reserve funds as are necessary for the proper execution of the Trust herein created.

(e) The Trustees are authorized to deposit all funds and monies received by them in such bank or banks in the Commonwealth of Massachusetts as they may select and with respect to such Reserve Funds and the Trustees are authorized to establish under Paragraph (d) of this article, to appoint a national banking association or trust company each with a principal place of business in the Commonwealth of Massachusetts as Corporate Trustee to hold and invest and reinvest the Reserve Funds deposited with such Corporate Trustee under the terms of the expressed delegation of the Trustees' investment authority which are set forth in any applicable corporate trust agreement.

In investing the Reserve Funds held under Paragraph (d) of this article the Trustees shall have full power to take any and all action with respect to holding, buying, selling, or maintaining such investments as they in their sole discretion may deem appropriate provided that no investment shall be made in any securities, of whatsoever nature or kind, of any Employer hereunder, or subsidary or affiliate thereof; and subject to this provision the Trustees may delegate such investment authority to the Corporate Trustee.

(f) Notwithstanding any other provisions in this Agreement and Declaration of Trust, the Trustees are empowered to appoint Administrators to service policies of insurance purchased hereunder, to receive funds of the Trustees and to perform duties and exercise powers as may from time to time be agreed upon between the Trustees, including the lawful delegation of said responsibility, obligations, or duties by said Trustees. Administrators, as used herein, shall include but not be limited to a Plan Administrator, Claim Administrator, and Accounting Administrator. The Trustees may also, by formal vote, appoint an Investment Manager who shall have such duties and responsibilities as may be determind by the Trustees and as is required by law.

### E. DUTIES OF EMPLOYER

10. Each Employer shall pay over to the Trustee, or their duly designated representative, not later than ten (10) days after the close of each work month a sum of money equal to the cents per hour required by the New England Freight Agreement and/or any other applicable collective bargaining agreement between the Union and any Employer as defined in Paragraph 1 during such work month. Such payment shall be accompanied by such reports as the Trustees in their sole discretion shall deem necessary or desirable in the administration of the Trust Estate.

11. The Trustees shall have the right to require such reports as are necessary for the fulfillment of this Declaration of Trust and the contracts of insurance, and without limiting the generality of the foregoing, each Employer and the Union (the members of which are covered by this agreement) shall promptly furnish to the Trustees on written demands such records of the Employees as their names, Social Security number, payroll records, and other information as may be necessary in connection with the administration of this Trust and said policies.

The Trustees may examine the pertinent records of each Employer at the Employer's place of business whenever they deem such examination to be necessary for the proper administration of the Trust Estate. In the event any Employer shall be over more than twenty (20) days in default on any monthly payment, the Employer shall be responsible for all unpaid contributions, interest thereon at the rate of one per cent (01%) per month of the amount due, liquidated damages of twenty per cent (20%), reasonable attorneys' fees, and other costs of collection as authorized by ERISA.

In addition to all sums due to the Fund by an Employer under the terms of the applicable collective bargaining agreement as aforesaid an Employer shall also be obligated to contribute to the Fund all sums due as a result of a legal duty established and provided by applicable labor management relation law, including any duty arising under the National Labor Relations Act.

## F. TRUSTEES

12. The Trustees shall consist of three (3) persons named by the Association (hereinafter called Employer Trustees) and three (3) persons named by the Union (hereinafter called Union Trustees). Each Trustee shall continue to serve until his successor has been designated as herinafter set forth.

13. The Trustees, in their collective capacity, shall be known as the Teamsters Union 25 Health Services & Insurance Plan, and shall conduct the business of the Trust and execute all instruments in said name.

14. The Trustees shall administer the Trust in accordance with its terms and the law.

15. The Trustees may exercise all rights or privileges granted to the policyholder by the provisions of each policy purchased by the Trust Estate or allowed by the insurance carrier of each such policy and may agree with such insurance carrier to any alteration, modification, or amendment of each such policy and may take any action respecting each such policy or the insurance provided thereunder which they, in their sole discretion, may deem necessary or advisable, and such insurance carrier shall not be required to inquire into the authority of the Trustees with regard to any dealings in connection with each such policy.

16. The Trustees shall have the power to construe the provisions of this Declaration of Trust and the terms used herein, and any construction adopted by a majority of ALL the Trustees in good faith shall be binding upon ALL Employers and Employees and the Union which same are parties to this Declaration of Trust.

17. The Trustees shall not receive compensation for the performance of their duties as Trustees, but shall be reimbursed for all reasonable and necessary expenses which they may incur in the performance of their duties.

18. The Trustees shall promulgate such rules and regulations, plan of benefits, or such other documents, as may be proper and/or necessary for the sound and efficient administration of the Trust. The Trustees shall have full authority to determine the requirements for eligibility for benefits, to adopt rules and regulations setting forth same, and all such eligibility determinations and rules and regulations relating thereto adopted by a majority of the Trustees in good faith shall be binding upon the Employers, the Union, the participants, and their dependents.

19. (a) The Trustees shall manage the assets of the Trust and conduct themselves in accordance with the provisions of ERISA. It is further the express intention of the Trustees that this Declaration of Trust be applied and interpreted so as to be in full compliance with all applicable provisions of law including ERISA.

(b) A rejected claimant may request a review of his case by the Trustees or by their designee for this purpose.

20. A Trustee may resign and become and remain fully discharged from all further duty or responsibility hereunder upon giving thirty (30) days' notice in writing to the remaining Trustees, or such shorter notice as the remaining Trustees may accept as sufficient. Such notice shall state a date such resignation shall take effect; and such resignation shall take effect on the date specified in said notice unless a successor Trustee shall have been appointed at an earlier date, in which event such resignation shall take effect immediately upon the appointment of and acceptance of this Trust by such successor Trustee. Provided, however, that in the event that the party by whom he was appointed has failed to

appoint a successor, such resignation will not become effective until his successor has been appointed, but in no event later than sixty (60) days after the original notice has been sent to the remaining Trustees.

The term of each Trustee shall be at the pleasure of the party by whom he was appointed.

21. In the event any Trustee shall die, become incapable of acting hereunder resign, or be removed, or to provide for the expiration of the term of such Trustee, a successor Trustee shall be appointed by the party which appointed said Trustee. The successor to any Employer Trustee appointed by the Association shall be certified to the Trustees by an instrument signed by the President and an officer of the Association. Upon the receipt of such certification by the Trustees, said successor Trustee shall be deemed to have been properly appointed a Trustee hereunder. The successor shall be certified to the Trustees by the President and Secretary of the Union and upon the receipt of such certification by the Trustees said successor Trustee shall be deemed to have been properly appointed a Trustee hereunder.

22. Any successor Trustee shall immediately, upon his appointment as a Trustee and his acceptance of the trusteeship in writing, become vested with all the property, rights, powers, duties, and immunities of a Trustee hereunder with like effect as if originally named as a Trustee, and the insurance carrier of each policy shall be immediately notified thereof.

23. (a) No vacancy or vacancies in the office of Trustee shall impair the power of remaining Trustees, acting in the manner herein provided, to administer the affairs of this Trust.

(b) In the event of the failure of any party to appoint a successor Trustee to fill a vacancy in the office of Trustee, which such party has the power to fill, for a period of thirty (30) days any two Trustees may petition a court of appropriate jurisdiction for an order requiring such a party to appoint a successor Trustee forthwith, and, in the event of failure of said party to comply with such order, may petition a court of appropriate jurisdiction for the appointment of a successor Trustee to fill such vacancy.

24. The Union Trustees shall elect one of their number to be Co-Chair of the Board of Trustees and the Employer Trustees shall elect one of their number to be the other Co-Chair of the Board of Trustees.

25. (a) The Trustees shall meet in Massachusetts at least annually.

(b) Any two Trustees may call a special meeting at any location, setting the time and place by giving at least five (5) days' notice in writing to the remaining Trustees, provided, however, that the time and place for a special meeting may be determind by all the Trustees at any regular meeting held under (a) of this Article, without the necessity of giving any further notice.

26. (a) Four (4) Trustees, provided two (2) Employer Trustees and two (2) Union Trustees are present shall constitute a quorum for the transaction of business.

(b) Any action taken by the Trustees shall be by the concurring vote of four (4) Trustees, provided, however, that at least two (2) of the Employer Trustees and two (2) of the Union Trustees vote for the passage of the action.

(c) In the event of a deadlock of the Trustees in any matter, including the administration of the Trust Estate, the Trustees shall agree on an impartial umpire to decide such dispute, or in the event of failure of the Trustees to agree within sixty (60) days, an impartial umpire to decide such dispute shall, on the petition of two (2) Employer Trustees, or two (2) Union Trustees, *be* appointed by the United States District Court for the District of Boston.

27. The Trustees shall keep true and accurate minutes, books of account, and records of all their transactions as Trustees, which shall be audited annually, or more often, by a Certified Public

Accountant. All checks, drafts, vouchers, or other withdrawals of funds from the account or accounts of the Trust Estate shall be countersigned by the Co-Chairs or by one of the Trustees from each group of Trustees, as resolutions for such purposes may be adopted by the Trustees. A copy of the audit shall be furnished to the Association and to the Union.

28.  (a) The Trustees shall by resolution provide bonding coverage for themselves, fiduciaries, and every person who handles funds or other property of the Trust in accordance with applicable law and ERISA.

(b) The Trustees may provide insurance for the fiduciaries of the Trust or for itself to cover liability or losses occurring by reason of the act or omission of a fiduciary in accordance with applicable law and ERISA.

29.  No successsor Trustee shall in any way be liable or responsible for anything done or committed in the administration of the Trust prior to the date they became a Trustee. The Trustees shall not be liable for the acts or omissions of any investment manager, attorney, agent or assistant employed by them in pursuance of this agreeement, if such investment manager, attorney, agent, or assistant was selected pursuant to this Trust Agreement and such person's performance was periodically reviewed by the Trustees who found such performance to be satisfactory; provided that nothing herein shall relieve any Corporate Trustee of any liability with regard to the performance of its Employees.

## G. TERMINATION OF TRUSTS

30.  Upon the termination of this Trust, the Trustees shall apply the Trust Estate, in whole or in part, to the purposes specified in Paragraph A9 with regard to any Employees who may be eligible thereunder at such time, and any part thereof, which cannot be so applied, shall be applied to such other purposes as in the sole discretion of the Trustees will best effectuate the purposes of this Trust, including, without in any way limiting the generality of the foregoing, the transfer of the Trust Estate to the Trustees of any Trust organized to fulfill the same general purposes as this Trust.

## H. MISCELLANEOUS

31.  This trust is created and accepted in the Commonwealth of Massachusetts. All questions pertaining to the validity or construction of this instrument and to the transactions of the parties hereto shall be determind in accordance with federal law or the laws of the Commonwealth of Massachusetts as the context may require.

32.  Should any provision of this Declaration of Trust be deemed or held to be unlawful, or unlawful as to any person or instance, such facts shall not adversely affect the other provisions herein contained or the application of said provision to any other person or instance, unless such illegality shall make impossible or impractical the functioning of the ultimate plan.

33.  No person, partnership, or corporation dealing with the Trustees shall be obliged to see the application of any funds or property of the Trust, or to see that the terms of the Trust have been complied with, or be obliged to inquire into the necessity or expediency of any act of the Trustees, and every instrument effected by the Trustees shall be conclusive in favor of any person, partnership or corporation relying thereon that:

(a) At the time of delivery of said instrument the Trust was in full force and effect;

      (b) Said instrument was effected in accordance with the terms and conditions of this Declaration of Trust; and

      (c) The Trustees were duly authorized and empowered to execute such instrument.

34.    The Trustees, by joining in the execution of this agreement, hereby accept the Trust.

35.    Whenever any words are used in this Declaration of Trust in the masculine gender, they shall be construed as though also used in the feminine or neutral gender in all situations where they would so apply, and wherever any words are used in this Declaration of Trust in the singular form they shall be construed as though they were also used in the plural form in all situations where they would so apply, and wherever any words are used in this Declaration of Trust in the plural form, they shall be construed as though they were also used in the singular form in all situations where they would so apply.

36.    No Employee, nor any person claiming by, through, or under any Employee, nor any Employer (except as to an overpayment of contributions due as provided by law) shall have any right, title, or interest in or to the Trust Estate or any part thereof; provided, however, that any Employee who shall be actually covered by an insurance plan, or his beneficiaries under such plan, shall be entitled to the benefits in the forms and amounts and subject to the terms and conditions of such plan and of this Trust. No Employee shall have the option to receive any part of the employer's contribution instead of the benefits of such plan or of this Trust. No Employee shall have the right to assign his rights or benefits under such plan or this Trust or to receive a cash consideration in lieu of such benefits, nor shall rights be otherwise assignable or attachable, either upon the termination of the Trust or his withdrawal through severance of employment, or otherwise.

37.    This Agreement and Declaration of Trust may be amended by a concurring vote of two (2) Employer Trustees and two (2) Union Trustees at a special meeting, or meetings, of the Trustees, called for that purpose pursuant to a vote duly adopted by at least four (4) Trustees; provided, however, that no amendment shall provide for the use of the Trust Estate then in the hands of the Trustees for any purposes other than those set forth in Article 9 of this Agreement and Declaration of Trust or eliminate or modify the terms of Article 33 of this Agreement and Declaration of Trust, or permit any return of payments over, or of any part of the then existing Trust Estate to any Employers, except the return of an overpayment of contributions due, or so amend this Agreement and Declaration of Trust that there shall not be an equal number of Employer Trustees and Union Trustees to administer this Trust. Any amendment adopted by the Trustees in the manner hereinbefore prescribed shall be set forth in an instrument of amendment and shall take effect only when said instrument of amendment shall have been signed by all of the Trustees.

38.    This Agreement and Declaration of Trust may be revoked at any time by the unanimous consent of the Trustees. Revocation will take effect upon the execution of an instrument of revocation signed by the aforesaid consenting parties. Upon the termination in the foregoing manner, the Trustees shall apply the Trust Estate, in whole or in part, to the purposes specified in Paragraph A9 hereof, with regard to any Employees who may be eligible thereunder at such time, and any part thereof which cannot be so applied shall be applied to such other purposes as, in the sole discretion of the Trustees, will best effectuate the purposes of this Trust, including without in any way limiting the generality of foregoing the transfer of the Trust Estate to the Trustees of any Trust organized to fulfill the same general purposes as this Trust.

39.    Nothing in this agreement shall be construed so as to limit in any way the lawful rights of any of the parties hereto.

40.    In the event that this Agreement and Declaration of Trust shall be amended or revoked, then the Trustees shall give such notice and take such other action as necessary to comply with all the applicable provisions of law including ERISA.

41. The Trustees shall manage the assets of the Trust and conduct the business of the Fund in accordance with ERISA. It is the express intention of the Trustees that this Agreement and Declaration of Trust be applied and interpreted so as to be in full compliance with all applicable provisions of law, including ERISA and all regulations issued thereunder.

IN WITNESS WHEREOF, the undersigned parties have hereunto set their hands and seals this 13th day of August 1996.

Signed, Sealed, and Delivered in the Presence of:

| FOR THE UNION: | FOR THE ASSOCIATION: |
|---|---|
| **UNION TRUSTEES:** | **EMPLOYER TRUSTEES:** |

Teamsters, Chauffeurs, Warehousemen and Helpers Union No. 25

*[signature]*
George W. Cashman, Co-Chair

*[signature]*
Joseph C. Conlon

*[signature]*
Joseph V. Laffey

Employers Group of Motor Freight Carriers, Inc.

*[signature]*
John J. Shaughnessy, Sr., Co-Chair

*[signature]*
James M. Carlton

*[signature]*
John J. McCarthy, Jr.

April 1, 1997

9

## ACCEPTANCE PAGE

The undersigned Employer, having entered into a collective bargaining agreement with Teamsters Local 25, affiliated with the International Brotherhood of Teamsters, which agreement provides, among other things, for contributions to the Teamsters Union 25 Health Services & Insurance Plan, agrees to be bound by the foregoing Agreement and Declaration of Trust and hereby irrevocably designates as its representatives on the Board of Trustees such Trustees as are named in said Agreement as Employer Trustees together with their successors selected in the manner provided in the within Agreement and ratifies and agrees to be bound by all actions taken by said Employer Trustees pursuant to the said Agreement and Declaration of Trust.

Dated: 6-25-01

Jetworks, Inc.
Employer

I certify and warrant that I am authorized to execute this acceptance on behalf of the above-named Employer.

By: _____ Robert Kuzma
Name and Title                              President

10



# STANDARD PARTICIPATION AGREEMENT

1. The undersigned Employer and Local Union certify that the following provision is a part of their collective bargaining agreement regarding health and welfare benefits and contributions for all employees performing work within the scope of and/or covered by the collective bargaining agreement between the Employer and the Local Union, and in the event of any conflict between these provisions and other provisions of such collective bargaining agreement, the terms and conditions set forth below shall prevail with respect to health insurance contributions and coverage:

   a) This Health and Welfare provision shall supersede and prevail over any other inconsistent provisions or articles contained within this agreement.

   b) Commencing with the __25__ day of __June__, 20_01_, and for the duration of the current collective bargaining agreement between Local Union __25__ and the Employer, and any renewals or extensions thereof, the Employer agrees to make payments to the Teamsters Union 25 Health Services & Insurance Plan (hereinafter referred to as the "Health Plan") for each and every employee performing work within the scope of and/or covered by this collective bargaining agreement, whether such employee is a regular, probationary, temporary or casual employee, irrespective of his status as a member or non-member of the Local Union, from the first hour of employment subject to this collective bargaining agreement as follows:

   For each hour or portion thereof, figured to the nearest quarter hour for which an employee receives pay or for which pay is due, the Employer shall make a contribution of $ __4.41.25__ to the Health Plan from the first hour of employment, up to a maximum of forty (40) hours per week.

   Commencing with the __1st__ day of __April__, 20_02_, the said hourly contribution rate shall be $ __4.46.25__ .

   Commencing with the _____ day of _____, 20___, the said hourly contribution rate shall be $_____.

   The Employer agrees to make contributions up to a maximum of forty (40) hours on behalf of all regular employees who may be on layoff status during any payroll period but have completed three (3) days of work in that payroll period.

1

Form SPA-1
May, 2001
"Regular"

If the Employer shall fail to make contributions to the Health Plan by the tenth (10th) day of the month following the month during which the employees performed work or received pay or were due pay within the scope of this Agreement, up to and including the last completed payroll period in the month for which contributions must be paid, or if the Employer, having been notified that its contributions to the Health Plan have been under-reported and/or underpaid, fails within twenty (20) days after such notification to make any required self-audit and/or contributions found to be due, the Local Union shall have the right after an appropriate 72-hour notice to the Employer, to take whatever steps it deems necessary to secure compliance with this agreement, any provision of this Agreement to the contrary notwithstanding, and the Employer shall be responsible to the employees for losses resulting therefrom. Also, the Employer shall be liable to the Trustees for all costs of collecting the payments due together with attorneys' fees and such interest, liquidated damages or penalties which the Trustees may assess or establish in their discretion. The Employer's liability for payment hereunder shall not be subject to the grievance procedure and /or arbitration if such is provided in this Agreement.

It is understood and agreed that once a payment or payments are referred to an attorney for collection by the Trustees of the Health Plan and/or the Local Union, the Local Union and its Business Agents or Chief Executive Officer shall have no right to modify, reduce or forgive the Employer with respect to its liability for unpaid contributions, interest, liquidated damages or penalty as may be established or assessed by the Trustees in their discretion against delinquent Employers.

f) No oral or written modification of this agreement regarding health and welfare contributions shall be made by the Local Union or the Employer, and, if made, such modification shall not be binding upon the employees performing work within the scope of this Agreement and covered by this section, or upon the Trustees of the Health Plan.

2. The parties agree that this Standard Participation Agreement shall be considered a part of the collective bargaining agreement between the Local Union and the Employer, and that no other agreement between the Employer and the Local Union regarding health and welfare benefits is in effect or will be effective during the period covered by the collective bargaining agreement.

FOR THE LOCAL UNION:

_Local 25_
Name & Number

By _[signature]_

FOR THE EMPLOYER:

JETWORKS, INC.
Name of Employer

By _[signature]_   ROBERT KUZMA
Its duly authorized Agent

For _____
(Location of Terminal)

3

Form SPA-1
May, 2001
"Regular"

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) **Rodney G. Smith, Executive Director of the Teamsters Union 25 Health Services and Insurance Plan v. Jetworks Tech Inc.**

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   - [ ] I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.
   - [✓] II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.     *Also complete AO 120 or AO 121 for patent, trademark or copyright cases
   - [ ] III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.
   - [ ] IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.
   - [ ] V.   150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   _____

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES [ ]   NO [✓]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES [ ]   NO [✓]

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES [ ]   NO [✓]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES [ ]   NO [ ]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES [✓]   NO [ ]

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division [✓]   Central Division [ ]   Western Division [ ]

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division [ ]   Central Division [ ]   Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES [ ]   NO [✓]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME  Matthew E. Dwyer, Esq. and Kathleen A. Pennini, Esq.
ADDRESS  Dwyer, Duddy and Facklam, P.C., One Center Plaza, Suite 360, Boston, MA  02110
TELEPHONE NO.  (617) 723-9777

(Coversheetlocal.wpd - 10/17/02)

*JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS** Rodney G. Smith Executive Director Teamsters Union 25 Health Services and Insurance Plan

**DEFENDANTS** Jetworks Tech Inc.

(b) County of Residence of First Listed Plaintiff: Suffolk
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed: Queens
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Matthew E. Dwyer, Esq; Kathleen A. Pennini, Esq.
Dwyer, Duddy and Facklam, P.C., One Center Plaza, Suite 360, Boston, MA 02108 (617) 723-9777

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane / [ ] 362 Personal Injury Med. Malpractice | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability / [ ] 365 Personal Injury — Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 |  | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander / [ ] 368 Asbestos Personal Injury Product Liability | [ ] 630 Liquor Laws | PROPERTY RIGHTS | [ ] 450 Commerce/ICC Rates/etc. |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment |  | [ ] 640 R.R. & Truck |  | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 330 Federal Employers' Liability | [ ] 650 Airline Regs. | [ ] 820 Copyrights | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 340 Marine / PERSONAL PROPERTY | [ ] 660 Occupational Safety/Health | [ ] 830 Patent | [ ] 810 Selective Service |
|  | [ ] 345 Marine Product Liability / [ ] 370 Other Fraud | [ ] 690 Other | [ ] 840 Trademark | [ ] 850 Securities/Commodities/Exchange |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle / [ ] 371 Truth in Lending |  |  | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability / [ ] 380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | [ ] 891 Agricultural Acts |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury / [ ] 385 Property Damage Product Liability | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [ ] 892 Economic Stabilization Act |
| [ ] 195 Contract Product Liability |  | [ ] 720 Labor/Mgmt. Relations | [ ] 862 Black Lung (923) | [ ] 893 Environmental Matters |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS |  | [ ] 863 DIWC/DIWW (405(g)) | [ ] 894 Energy Allocation Act |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motions to Vacate Sentence | [ ] 730 Labor/Mgmt.Reporting & Disclosure Act | [ ] 864 SSID Title XVI | [ ] 895 Freedom of Information Act |
| [ ] 220 Foreclosure | [ ] 442 Employment | Habeas Corpus: |  | [ ] 865 RSI (405(g)) | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/Accommodations | [ ] 530 General | [ ] 740 Railway Labor Act | FEDERAL TAX SUITS |  |
| [ ] 240 Torts to Land | [ ] 444 Welfare | [ ] 535 Death Penalty | [ ] 790 Other Labor Litigation | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 950 Constitutionality of State Statutes |
| [ ] 245 Tort Product Liability | [ ] 440 Other Civil Rights | [ ] 540 Mandamus & Other | [x] 791 Empl. Ret. Inc. Security Act |  | [ ] 890 Other Statutory Actions |
| [ ] 290 All Other Real Property |  | [ ] 550 Civil Rights |  | [ ] 871 IRS- Third Party 26 USC 7609 |  |
|  |  | [ ] 555 Prison Condition |  |  |  |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

29 U.S.C. 1132(a)(3)(B) - Defendant has failed to allow the Plaintiff to audit its payroll records as required by the terms of the Plan.

**VII. REQUESTED IN COMPLAINT:**
[ ] CHECK IF THIS IS A CLASS ACTION DEMAND UNDER F.R.C.P. 23

CHECK YES only if demanded in complaint:
JURY DEMAND: [ ] Yes  [x] No

**VIII. RELATED CASE(S) IF ANY** (See instructions):
JUDGE _____   DOCKET NUMBER _____

DATE _____   SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____